**Alice TRUSS, Plaintiff Appellant,**

v.

**FOSS HOME AND VILLAGE, Defendant Appellee.**

No. 05–35428.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 15, 2006.

Filed Nov. 30, 2006.

Hector Steele Rojas, Esq., Darryl Parker, Esq., Northwest Law Center, PLLC, Seattle, WA, for Plaintiff Appellant.

Steven Goldstein, Esq., Kasey C. Myhra, Esq., Betts Patterson & Mines, PS, Seattle, WA, for Defendant Appellee.

Before: ALARCÓN, RYMER, and BERZON, Circuit Judges.

MEMORANDUM *

Alice Truss appeals from the district court's order granting summary judgment to Foss Home and Village on her claims for wrongful termination under Title VII and for retaliation in violation of public policy under Washington law. We affirm on Truss's Title VII claim and reverse on her state law claim.

I

It does not matter whether Truss's position with respect to a Rule 56(f) continuance is well taken, because the district court in fact considered submissions from discovery taken after the motion was noted but before the discovery cut-off and found that the result was not affected. *Bank of America, NT & SA v. PENGWIN*, 175 F.3d 1109, 1118 (9th Cir.1999) (finding an abuse of discretion only "if the movant diligently pursued its previous discovery opportunities, and can demonstrate that allowing additional discovery would have precluded summary judgment"). We agree, as a reasonable jury could not infer that race was a motivating factor based on the proffered testimony of Gilbert Diga,

Roswitha Kohler, or Balbina Jiminez. Although Truss alluded at oral argument to additional evidence from Foss Village residents, there is no basis for finding prejudice as the record contains no indication of what this evidence would show.

II

With respect to her Title VII claim, Truss's arguments about the correct standard for summary judgment motions are resolved by *Desert Palace, Inc. v. Costa*, 539 U.S. 90, 123 S.Ct. 2148, 156 L.Ed.2d 84 (2003). The circumstantial evidence that Truss presented fails to link her termination to her race. Accordingly, no triable issue is raised that an impermissible factor was a motivation for Foss's adverse employment action. *Id.* at 2155.

III

The tort of wrongful termination in violation of public policy in Washington requires "clarity"; "jeopardy"; "causation"; and the "absence of justification." *Gardner v. Loomis Armored Inc.*, 128 Wash.2d 931, 913 P.2d 377, 382 (1996). The second element is not disputed.

"Clarity" is shown by the existence of a clear public policy. *Id.* The Washington Vulnerable Adult Statute (VAS) establishes a clear public policy against neglect of vulnerable adults. RCW 74.34.200 (creating a cause of action); *see also Warner v. Regent Assisted Living*, 132 Wash.App. 126, 130 P.3d 865, 870 (2006) (holding in a VAS neglect case that the plaintiffs' evidence that they had routinely found their father wearing wet incontinence pads and had once found him covered in feces, combined with evidence that he had not been

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.

given his medication, was sufficient to withstand a summary judgment motion). Foss points to no authority supporting its argument that a claim lies only for statutorily protected conduct, not for complaints to the employer. *Cf. Thompson v. St. Regis Paper Co.,* 102 Wash.2d 219, 685 P.2d 1081, 1089 (1984) ("In determining whether a clear mandate of public policy is violated, courts should inquire whether the employer's conduct contravenes the letter or purpose of a constitutional, statutory, or regulatory provision or scheme. Prior judicial decisions may also establish the relevant public policy.") (quoting *Parnar v. Americana Hotels, Inc.,* 65 Haw. 370, 652 P.2d 625, 631 (1982)).

Truss's most recent complaint about a resident's condition was made only a few weeks prior to her departure. From this, a reasonable jury could conclude that Truss's complaints over a two-year period culminated in a retaliatory discharge when a convenient excuse presented itself.

While Foss's asserted reason for dismissing Truss could amount to an "overriding justification" for dismissal if proved, *Gardner,* 913 P.2d at 382, inconsistencies in its explanation support the contrary possibility, that it could have used the proffered reason as a guise for an ulterior motive. For example, Foss states that *Truss* yelled at Resident 2 when that resident asked to be awakened for dinner, whereas Nancy Mohrman's report of her conversation with Resident 2 states that "[o]n one occasion Resident 2 asked Alice to wake her/him for dinner and when Alice did *Resident 2 yelled at her.* Alice stated that because of that she would not wake resident again for dinner and now other residents come and wake her/him if she/he is not out at dinnertime." Accordingly, a triable issue remains.

* This disposition is not appropriate for publica-

Each party shall bear its own costs.

AFFIRMED IN PART; REVERSED IN PART.

*This case was not selected for publication in the Federal Reporter*